David M. Freeman, Esq. (Attorney ID#.:  041771988)
Matthew R. Mendelsohn, Esq.  (Attorney ID#:  015582005)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT SPENCER, III,<br><br>    Plaintiff,<br>vs.<br><br>FRIEDMAN SCHUMAN, P.C.;<br>DEREK R. LAYSER, BRETT<br>KAMINSKY.; JOHN AND JANE<br>DOES 1-20 and ABC CORPS. 1-20,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Gilbert Spencer, III ("Plaintiff" or "Spencer"), residing in Dix Hills, New York, County of Suffolk, State of New York, by way of Complaint against the defendants Friedman Schuman, P.C. Derek R. Layser and Brett Kaminsky, Esq, upon information and belief, alleges and says:

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.

2. At all times relevant, plaintiff was a resident of the State of New York. Defendant Friedman Schuman, P.C. is a Pennsylvania professional corporation.  On

information and belief, defendants Layser and Kaminsky are residents of the Commonwealth of Pennsylvania.

3. Venue is properly laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 as this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." In particular, the underlying litigation which forms of the basis of this legal malpractice action in, (the "Princeton Litigation") was brought and prosecuted in the United States District Court for New Jersey. Additionally, the incident which formed the basis of the Princeton Litigation occurred in the Municipality of Princeton, Mercer County New Jersey and each of the defendants in the Princeton Litigation – Princeton University, the Municipality of Princeton and Mercer County New Jersey -- are all New Jersey citizens.

**INTRODUCTION**

4. This is a legal malpractice action arising out of the Defendants' representation of Mr. Spencer in the Princeton Litigation. The Princeton Litigation arose out of the serious personal injuries suffered by Mr. Spencer on December 10, 2018 while he was riding his bicycle southbound on Washington Road, North of the Goheen Walk on the Princeton University campus. in the Municipality of Princeton (the "Municipality"). At the time of the incident, Mr. Spencer was enrolled as a freshman at Princeton University (the "University").

5. As a result of a poorly maintained sewerage grate on Washington Road, Mr. Spencer was launched from his bicycle and landed face first on the road. The Princeton First Aid and Rescue Squad responded to the scene and transported Mr. Spencer to Princeton

Medical Center for treatment. Mr. Spencer suffered serious physical and psychological injuries as a result of the incident for which he continues to receive treatment.

6. Shortly after the incident, Mr. Spencer retained Defendants to investigate the incident and take the necessary steps to protect his interests, including filing a lawsuit against any potentially responsible parties.

7. On February 18, 2019, Defendants filed a timely Tort Claim Notice with the County of Mercer (the "County") on behalf of Mr. Spencer as required by N.J.S.A. 59:8-8 (requiring filing of a Tort Claim Notice relating to a claim against a public entity within 90 days of accrual of the cause of action). Although the Defendants knew that the incident occurred in the Municipality, Defendants inexplicably failed to file a timely Tort Claim Notice with the Municipality which was the only party responsible for maintaining the section of road where Plaintiff was injured.

8. On June 29, 2019, the County sent a letter to the Defendants advising that it did not own, maintain or control the section of Washington Road where the accident occurred. Rather, the section of road at issue was controlled and maintained by the Municipality.

9. Thereafter, on September 27, 2019, Defendants filed a Tort Claim Notice with the Municipality. As the Tort Claim Notice was filed well beyond the 90 day limit imposed by N.J.S.A. 59:8-8 -- the 90 day deadline having expired on March 11, 2019 -- Defendants were required to seek leave of court to file a late Tort Claim Notice pursuant to N.J.S.A. 59:8-9 (permitting a party to seek leave of court to file a late Tort Claim Notice after the expiration of the 90 day period for up to a year after accrual of the cause of action). However, as Defendants never sought the required leave to file a late Tort Claim Notice,

their filing of the Tort Claim Notice with the Municipality was a nullity. Accordingly, Defendants never filed a timely Tort Claim Notice with the Municipality and never sought leave of court to file the required notice after expiration of the 90-day deadline.

10. Thereafter, on December 2, 2019, Defendants filed the underlying matter on Plaintiff's behalf against the County, the Municipality as well as the University.[1]

11. In lieu of answer, the County and the Municipality moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). By Order and Opinion dated June 25, 2020, the Hon. Freda Wolfson, U.S.D.J. dismissed Plaintiff's claims against the Municipality finding that Defendants had failed to comply with the New Jersey Tort Claims Act to preserve Plaintiff's claims against that entity. In particular, Judge Wolfson found that Defendants failed to file a Tort Claims notice with the municipality within 90 days of the December 10, 2018 incident as required by N.J.S.A. 59:8-8.

12. Judge Wolfson also found that Defendants failed to seek leave of court prior to filing a late Tort Claims notice with the Municipality on September 27, 2018 as required by N.J.S.A. 59:8-9. Lastly, Judge Wolfson found that Defendants failed to comply with N.J.S.A. 59:8-8 by not waiting 6 months before filing suit against the Municipality on December 2, 2018.

13. Significantly, in dismissing the Complaint as against the Municipality, Judge Wolfson stated, "If Plaintiff had moved to seek leave to file a late notice of tort claim before the one year deadline of December 10, 2019, **the Court would have permitted the late filing as 'extraordinary circumstances' existed**." See Judge Wolfson's 6/25/20 Opinion at p. 7, n. 6. (emphasis added) Judge Wolfson also found that the Municipality had not

---

[1] Defendants improperly named Mercer County as the Municipality of Mercer County in the Complaint.

shown that it was substantially prejudiced by the delay in filing the tort claim. Id. at p. 8, n. 6. However, Judge Wolfson found that she did not have the discretion to allow the Defendants to file the late Tort Claim Notice because they did not seek the requisite leave within one year of the accrual of Plaintiff's claim. Id. The Court denied the County's motion to dismiss without prejudice finding that Plaintiff had plead a valid cause of action. Plaintiff's subsequent motion for reconsideration was denied. Defendants did not advise Plaintiff that Judge Wolfson had dismissed his claims against the Municipality until nearly 3 years later.

14. After the completion of discovery, the County and the University moved for summary judgment. As to the University, by Order and Opinion dated February 28, 2023, the Court granted its motion on the grounds that 1) it was immune from liability under the New Jersey Charitable Immunity Act N.J.S.A. 2A:53A-7, et seq. and 2) that Plaintiff could not establish that it was grossly negligent. The Court granted the County's motion for summary judgment, finding that there was no evidence that the County owned, maintained or bore any responsibility for the section of roadway where Mr. Spencer was injured. The Order memorializing the Court's decision and dismissing the case in full was entered on April 11, 2023.

15. Defendants filed a Notice of Appeal on Plaintiff's behalf on April 12, 2023. Defendants only sought review of the District Court's decision dismissing the claims against the Municipality as that was the only party which was responsible for maintaining the section of road where Plaintiff was injured.

16. However, by decision dated February 13, 2024, the Third Circuit affirmed Judge Wolfson's decision See Case No. 23-1663, Dkt. No. 50, explaining, inter alia, that the

Defendants could have filed a timely notice of claim with the municipality within the 90 day period required by N.J.S.A. 59:8-8. The Third Circuit also found that Defendants could have sought leave to file a late notice of claim under N.J.S.A. 59:8-9. As they did neither, the District Court properly dismissed the Complaint.

**FIRST COUNT**
**(Legal Malpractice)**

17. Plaintiff repeats the allegations set forth above as if set forth in full herein.

18. As Plaintiff's attorneys, Defendants owed Plaintiff a duty of care to properly investigate and prosecute his claims relating to his accident on December 10, 2018.

19. Defendants breached their duty of care to Plaintiff by failing to serve a timely Tort Claim Notice on the Municipality. Defendants further breached their duty of care to Plaintiff by failing to seek leave to file a late Tort Claim Notice on the Municipality once they determined that the Municipality was in fact the entity responsible for maintaining the section of road where Plaintiff was injured.

20. As a result of Defendants' negligence, the Complaint in the underlying action was dismissed with prejudice leaving Plaintiff without any remedy against the Municipality which was directly responsible for his injuries. Accordingly, Plaintiff has suffered damages by virtue of Defendants' negligence.

WHEREFORE, Plaintiff demands judgement against Defendants Friedman Schuman, P.C., Derek R. Layser, and Brett Kaminsky for compensatory damages, interest, costs, attorney's fees and such other relief as the Court deems equitable and just.

**SECOND COUNT**
**(Respondeat Superior)**

21. Plaintiff repeats the allegations set forth above as if set forth in full herein.

22. At all times relevant, Layser and Kaminsky were working in the scope of their professional employment as employees, agents, partners and/or principals of Friedman Schuman.

23. Pursuant to the principles of agency and respondeat superior, Fridman Schuman is therefore liable to plaintiff for any and all damages awarded against Layser and Kaminsky.

WHEREFORE, Plaintiff demands judgement against Defendants Friedman Schuman, P.C., Derek R. Layser, and Brett Kaminsky for compensatory damages, interest, costs, attorney's fees and such other relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 10, 2024

*/s/ Matthew R. Mendelsohn*
Matthew R. Mendelsohn
David M. Freeman
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Phone: (973) 228-9898
Fax: (973) 228-0303
mrm@mazieslater.com
dfreeman@mazieslater.com

### LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that to the beat of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

MAZIE SLATER KATZ & FREEMAN, LLC

                                              Attorneys for Plaintiff

                                      BY:   */s/ Matthew R. Mendelsohn*
                                                MATTHEW R. MENDELSOHN

Dated: April 10, 2024